FILED
2006 Jun-09 PM 01:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | 2:05-CR-519-RDP-TMP |
| MARSHALL BERNARD JONES | ) | |

## PLEA AGREEMENT, CONDITIONS, AND UNDERSTANDINGS

The United States of America, the defendant and the defendant's attorney each hereby acknowledge the following to be the plea agreement between the defendant and the United States and the conditions and understandings that apply to the agreement:

I. **PLEA AGREEMENT**: The United States and the defendant hereby AGREE to the following:

(A) Plea: The defendant will **plead guilty to Count Three of the Indictment** in the above styled case.

(B) Recommendation: Pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., and upon the Court's acceptance of the aforesaid plea and entry of judgment on the same, the United States will recommend the **dismissal of Counts One and Two** and that:

    (1) The defendant be sentenced at the **low end** of the advisory guideline range, and,

    (2) In calculating the advisory guideline range, the United States will recommend that the defendant receive **a three level credit** for acceptance of responsibility, (if applicable),

    (3) The government will not object to concurrent sentencing,

    (4) The defendant will pay all restitution, (if applicable).

(C) Factual Basis: The following is a true and correct summary of the factual basis of the offense to which defendant is pleading guilty. The defendant agrees that the court may use these facts for sentencing purposes.

The defendant was indicted for bank robberies which occurred in the Northern District of Alabama and in Georgia on February 7, July 28, and 31, 2003, respectively.

On April 25, 2005, while waiting charges in the Jefferson County Jail, Jones made a verbal threat to kill George W. Bush, President of the United States. In a new inmate assessment conference, Jones told his social worker, Evangelia Mercury, that he wanted to kill President George Bush. He claimed to hear voices telling him to kill the President. He stated that he wanted to kill the President because the President is killing people in Iraq, because the President killed Timothy McVeigh, and because the President is killing other people. Ms. Mercury opined that Jones demeanor was clear and he was logically oriented.

On April 27, 2005, the U.S. Secret Service was contacted. Special Agents Aimee Black and John Bailey interviewed Jones after advising Jones of his Miranda rights were advised. Jones re-stated that he wanted to kill President Bush because he felt the President was responsible for the execution of Timothy McVeigh, a women in Texas, the killings in Iraq and the killings of other people. He further stated that the only way to stop the killings was to kill President George Bush. Jones stated that he hears voices telling him to kill President Bush, but despite the voices Jones claimed to want to kill the President.

Jones went on to say that if released from prison, he would purchase a weapon either by stealing someone's identity and purchasing one or by stealing weapons from the armory at Fort Jackson, Columbia, S.C. Jones claimed he worked as a civilian at the fort's mess hall (eating hall) from July to November, 2002, and that weapons were stored in building 5500, next to the mess hall. Jones claimed to have stolen manuals while serving in the military which informed him how to use weapons. He told the interviewing agents that he would kill them if necessary to get to the President. Jones further stated that upon his release from the Terre Haute Penitentiary, he purchased a passport in July 2002, intending to flee the country after he had assassinated President Bush.

The Secret Service investigation revealed the following facts to be consistent with Jones statements:
(A) Angela Barber, Administrative Assistant U.S. Marshals Service, Birmingham, Alabama, confirmed that Jones was an inmate at the Terre Haute Penitentiary from 12/15/99 to 3/12/02.

(B) On 7/8/05 the Passport Services Division, U.S. Department of State verified that a passport was approved on 7/16/02, bearing Jones name and photograph.

(C) Preston Wider, Assistant Project Manager, Johnson Food services, confirmed that Jones was hired on 7/24/02 as a civilian cook's helper at Fort Jackson, Columbia, S.C.

On April 28, 2005, Dr. Robert Hunter, Chief Psychiatrist, MHM Correctional Services, examined Jones and felt that Jones suffered from an Antisocial Personality Disorder and is criminal-minded. But he did not feel that Jones was genuinely psychotic. He did feel that Jones demonstrated evidence of a paranoid thought patterns. Dr. Hunter prescribed "Geodon", an anti-psychotic drug for 30 days because of Jones history of aggression and for the "voices"complaint.[1]

On April 29, 2005, SA's John Plemons and Aimee Black, U.S. Secret Service, re-interviewed Jones as was the agency's practice to obtain additional information, such as handwriting exemplars. After advising him of his Miranda rights and after consenting to speak to the agents, Jones reiterated his oral threat and provided a *handwritten statement* confirming his desire to kill the President.

In pertinent part, the 3-page written statement read:
"My name is Marshall B. Jones, and has made it explicitly clear as to my views about President G.W. Bush and how he's running the United States, I have also made it clear to the President and the Secret Service that I want to kill or assinate (sic) him because he's put the American people in harms way with this so-call 'Homeland Security'(B.S.). I've come up with several plans to carry this act out".

In the statement, Jones also wrote that his first plan was to contaminate the water supply. But since that would harm innocent people he decided to either use explosives or ammunition. He wrote that he had had previous training in how to detonate and defuse Claymore mines. He further wrote that he had worked as a Constable in Columbia, South Carolina under an alias. He knew how to assume the names of others. He could impersonate law officers and blend in to get close to the President to assassinate him.

**The defendant hereby agrees and stipulates to the accuracy of the above factual basis. Defendant agrees that the information above may be used for sentencing purposes and waives any right she/he may have for a jury determination of such facts.**

*[signature]*
DEFENDANT'S NAME

(D) Assessment: The defendant will bring to the sentencing hearing, a money order or cashier's check in an amount equal to $100.00 for each count of conviction, payable to the "Clerk, United States District Court" to pay the special assessment required by Title 18, United States Code, Section 3013. The defendant will pay

---

[1] In relation to the bank robbery prosecutions, Jones was examined by Dr. Kimberly Ackerson, Ph.D., where in a report, filed June 6, 2005, she concluded that the defendant was not suffering from a serious mental illness or defect relevant to the issue of criminal responsibility.

3

the assessment to the clerk of the court immediately upon sentencing.

II.  CONDITIONS AND UNDERSTANDINGS: The following conditions and understandings apply to the plea agreement set out above:

A.  POSSIBLE SENTENCES AND THE GUIDELINES

(1) Maximum Possible Sentences: The defendant is aware of the maximum possible punishments under each count. The defendant is aware that a sentence could include imprisonment, supervised release terms following imprisonment, fines, assessments, restitution, and other costs and losses.

(2) Special Assessment Fees: The law requires that Special Assessment fees be imposed.

(3) Restitution: The Court must order restitution in cases involving an identifiable victim.

(4) Guidelines: Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are advisory in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

The defendant waives his right to appeal his conviction and sentence, on both direct and collateral appeal, so long as that sentence is within the advisory guideline

4

range, as that range is determined by the Court. The defendant understands and agrees that this is a binding waiver, which prevents him from filing an appeal regarding the length or imposition of sentence.

(5) <u>Non-binding</u>: It is the Court's duty to impose sentence. The Court is not a party to the above plea agreement. Any sentence recommendation by the United States does not bind the Court, and the Court may impose a more severe or less severe sentence than that recommended.

(6) <u>Sentencing Information</u>: The United States may make any facts or evidence it deems relevant to sentencing known to the Court. This includes the fact of any obstructive conduct or new violations of law committed by the defendant after entry of a guilty plea.

B. <u>WITHDRAWAL OF GUILTY PLEA NOT ALLOWED</u>

If the Court decides not to give the recommended sentence, or decides that the recommended sentence is not within the Guideline range, the defendant may not withdraw the plea of guilty.

C. <u>FAMILIARITY WITH CHARGES</u>

The defendant has read and understands the indictment, and has discussed the charges and possible defenses with counsel. The defendant is fully aware of the elements of each count.

D. <u>ACKNOWLEDGMENT OF GUILT</u>

The defendant is pleading guilty to the charge described above because the defendant is in fact guilty. Should the defendant move the court to accept the plea of

guilty under the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of nolo contendere, the plea agreement described above will be null and void and the United States will not be bound by any agreement, understanding, provision, or stipulation, express or implied in this document.

E.  **WAIVER OF TRIAL RIGHTS**

The defendant, by pleading guilty, waives any and all motions, defenses, objections, or requests which have been made or which could have been made in this case. The defendant also waives the right to trial by a jury (or by a judge if the defendant elected to be tried by a judge alone) and waives any right that may exist to have any factors used for sentencing found beyond a reasonable doubt by a jury. At any such trial, the defendant would have the right to assistance of counsel, to confront and cross-examine the witnesses against the defendant, to present evidence on the defendant's behalf, to compel the attendance of witnesses for the defense, and to testify or refuse to testify. The United States would bear the burden of proof beyond a reasonable doubt. The defendant would be presumed innocent and could only be convicted and sentenced if a jury of twelve people (or a judge if the defendant elects to be tried by a judge) unanimously found the defendant to be guilty beyond a reasonable doubt. The defendant would have the right to appeal a guilty verdict and sentence. All these rights and protections are hereby waived.

F.  **WAIVER OF DIRECT AND COLLATERAL APPEAL RIGHTS**

**In consideration of the Government's recommended disposition, I, *Marshall B. Jones*, hereby waive and give up the right to appeal (1) my conviction in this case, (2) any**

sentence or restitution the court might impose upon me except for a sentence that exceeds the statutory maximum, (3) the right to challenge any sentence so imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and (4) any fines and special assessments imposed, subject to the following limitations:

(a)     Any punishment that constitutes an upward departure from the advisory guideline sentencing range, as that range is determined by the court at the time sentence is imposed; and

(b)     Any claim of ineffective assistance of counsel.


   I further acknowledge that before giving up these rights, I discussed the advisory nature of the Federal Sentencing Guidelines and their application to my case with my attorney, who explained them and answered all of my questions to my satisfaction. I hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily giving up the appeal and sentencing rights stated.

*[signature]*
DEFENDANT

*[signature]* 6-8-06
COUNSEL

G.  **DEFENDANT'S UNDERSTANDING**

The defendant has read and understands the provisions of this agreement. The defendant has discussed the case and constitutional and other rights with counsel and is satisfied with the lawyer's representation in this case. The defendant understands that by pleading guilty, all right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in defendant's behalf, to maintain privileges against self-incrimination and to the presumption of innocence, and to file a direct or collateral appeal of conviction and sentence except in the limited circumstances enumerated above is waived. The defendant agrees to enter a plea as indicated above on the terms and conditions set forth herein.

H.  **COUNSEL**

The defendant has discussed this case at length with defendant's counsel. The defendant is satisfied with counsel's investigation of the case, exploration of possible defenses, advice and other representation. The defendant is satisfied that counsel has explored all relevant witnesses and potential motions on defendant's behalf and has represented defendant in an effective fashion.

I.  **NON-RELIANCE**

Other than what is contained in this document, NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO THE DEFENDANT BY THE PROSECUTOR, AGENTS, OFFICERS, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED, TO INDUCE THE DEFENDANT TO PLEAD GUILTY.

The defendant is not relying on any representations from anyone regarding length of sentence, conditions of service of sentence, possible parole or release dates, or other conditions of incarceration including, but not limited to, designation of facility and the type of facility to which a designation may be made. This document represents the sole agreement and understanding between the defendant and the United States.

J.  POST-SENTENCE ACTIONS

This document in no way limits any response by the United States to post-sentencing actions, including appeals, motions to correct or review sentences, or habeas corpus petitions.

K.  OTHER DISTRICTS AND JURISDICTIONS

This document DOES NOT BIND any other United States Attorney in any other district, nor does it bind state or local authorities.

L.  FORFEITURE AND OTHER CIVIL OR ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, this document in no way applies to or limits any pending or prospective forfeiture or other civil or administrative proceedings.

M.  TAX PROCEEDINGS

Unless otherwise specified herein, this document in no way applies to or limits any pending or prospective proceedings related to the defendant's tax liabilities, if any.

N.  COMPETENCE

The defendant has not had any drugs, medication or alcohol within the past 48 hours except as stated hereafter, and is competent to enter the plea agreement stated

above.

III. ACKNOWLEDGMENTS

1. I have READ this document, DISCUSSED it with my attorney, and UNDERSTAND and AGREE with all its provisions both individually and totally.

6-8-06
DATE

*[signature]*
Defendant

2. I have discussed this case with the defendant in detail and have advised the defendant of the defendant's rights and all possible defenses. The defendant has conveyed to me that he understands this document and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

6-08-06
DATE

*[signature]*
Counsel for Defendant

3. I have reviewed this document and agree to its provisions.

ALICE H. MARTIN
United States Attorney

6-8-06
DATE

*[signature]*
Frank M. Salter
Assistant United States Attorney