IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ALABAMA

UNITED STATES OF AMERICA

vs.                                        2:05-CR-519-RDP-TMP

MARSHALL BERNARD JONES

OBJECTIONS TO PRESENTENCE REPORT

1.     The defendant objects to the probation office's failure to award credit for acceptance of responsibility. The defendant asserts that at least a two level reduction should have been granted under U.S.S.G. Section 3E1.1 comment. Note 2 which states in pertinent part "… *Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert ... a challenge to the applicability of a statute to his conduct. In ... such (an) instance, however, a determination that a defendant has accepted responsibility will be based **primarily** upon pre-trial statements and conduct.*"

The defendant asserts that he "virtually" accepted responsibility for his conduct during his colloquy with the court at each attempt to plead guilty, however, he did not fully understand the legal consequences of his statements. In *United States v. Miller, 22 F.3d 1075 ( 11th Cir. 1994),* the defendant proceeded to trial, denying his guilt, but admitted virtually every essential element of the offense. The Eleventh Circuit upheld the District Court's reduction of the sentence for acceptance, concluding that the lower court, "implicitly determined that Miller denied his guilt only because he did not understand the legal consequences of his acts." Mr. Jones' has stated in the past that he made the statements for the purpose of getting a reduced sentence in the Bank Robbery cases which were pending against him at that time. Mr. Jones did not fully understand

that 18 U.S.C. 871 could apply to him when he did not have the intention or ability to carry out the statements.

The defendant further avers that he should be awarded a reduction for acceptance based on his decision not to move for a mistrial which this court would have granted based on the government "unintentionally" sending to a deliberating jury a document which was not admitted into evidence. In *United States v. Snubbs, 944 F.2nd 828 (11th Cir. 1991)*, the Eleventh Circuit refused to reverse a lower court's decision to grant acceptance of responsibility for a defendant who, *after trial,* acknowledged through a statement read by her lawyer as to how foolish she was to get involved in drug smuggling. Mr. Jones has also acknowledged his remorse, did not subject the U.S. Attorney's office to further preparation for a new trial and further did not subject this Honorable Court to the time expense of a new trial.

The defendant respectfully requests at least a two level reduction.

2. The defendant also contends that his conduct was caused by diminished capacity and because of such, downward departure is warranted under Section 5K2.13 of the U.S.S.G.

Respectfully submitted,

/s/
_____
Kittren Walker (WAL093)
Attorney for the Defendant
1117 22nd Street South
Birmingham, AL. 35205
205-482-5672 phone
205-776-2040 fax
kittjlaw@aol.com email

CERTIFICATE OF SERVICE

       I, Kittren Walker, hereby certify that I have served a copy of the foregoing objections on Mr. Frank Salter, AUSA and Ms. Mary Bennett, U.S. Probation Office by filing a copy with the Courts through the Electronic Case Filing Case Management System which electronically serves all interested parties to the cases on this 6th day of October, 2006.

/s/

_____
Kittren Walker